The next case up is United States v. Lee Morning, Mr. Hillis Morning. May it please the court. Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Lee. He raises three issues on appeal, and I suppose we should begin with waiver, because the government asserts that there is a waiver as to the criminal history challenge. In our view, that's incorrect. We believe that the government's wrong because when a person says he has no objection and says he's satisfied with counsel, those are commonplace things. Those are routine, and we do not find that they establish waiver in other cases. We've cited them in the brief, the Hymas-Hymas case, Jenkins. These are cases that fall neatly within the sort of factual scenario we have here, and they did not find that there was waiver through the same sort of commonplace statements and lack of objection to a particular issue. What does no objection mean? It depends on the context, so it could be specific, Your Honor. Obviously, if you say you have no objection, I think the next question is, to what? And if you say you have no objections to the PSR, that doesn't establish a waiver out of the gates, like the Hymas-Hymas case says. It can if the district court is more specific and says, do you have an objection to this specific thing? And there are examples of this in the case law, and somebody will say, no, I don't. I'm not going to focus on something else. That would be waiver. That would be established under the give and take, the colloquy, Judge Mannion. That's not what's happening. You said it with a narrative of a factual situation, and the judge says, do you have any objection to this? And the answer is, no. That isn't sufficient. You have to go say, each piece, what's your objection? Judge Bauer, I think we've got a pretty near factual situation in Jenkins where they didn't object to criminal history in that case or the LaDonta-Gill case, which we didn't cite in the brief, but it's very similar to the Jenkins case. And so in Jenkins, for instance, we didn't cite in our brief. In the Jenkins case, for instance, there was a mistake about But because the AUUW offenses were unconstitutional, when you say no objection, it doesn't mean that you're embracing criminal history that you shouldn't get. And that would be our position here. Under 4A1.1D2, because the state supervision period hadn't been extended past the one year, it was no longer in effect. There was no warrant. There was no summons. There was no personal service. So none of that could be used to extend the supervision period for purposes of 4A1.1D2. Were any of those violations of his state court sentence, were any of those ever adjudicated or there was just something filed on the docket? I couldn't tell from the PSR. Yes. So my read of the docket sheet from the state court, which is available evidence and we asked the court to take judicial notice of it, is that they were merely petitions that were filed. There were no determinations that were made. There's no record of a warrant. No indication of a subsequent court appearance? There was a court appearance on one, but there's no record that there would be then the personal service, which would trigger the tolling provision under the state court authority or under the state statute. But it just didn't happen. Is there any indication at that subsequent court appearance that the violations were addressed by the court? I don't see that it is, but it's a pretty undescriptive docket sheet. So all I could say is that we have to look to what's there and if there's not proof of personal service, there's not record evidence of a warrant or a summons, then we can't find tolling under the state. Now the government pretty nimbly then went to relevant conduct and I thought that was a good move, but for the fact that under 3553F5, my client made disclosures about his criminal conduct that would be sufficient to trigger the relevant conduct provision under the commentary to the guideline for 4A1.1D2, but for the fact that the statute, since its amendment, says that the disclosure by a defendant of that criminal information can't be used against him unless it's a crime of violence, which this isn't. It's just a drug trafficking offense. So we believe that that disclosure by the defendant can't be used as relevant conduct and we'd have at best a conflict between the commentary and the statute, and of course we know under a raft of precedent that the conflicting commentary at the application note cannot trump the statutory language that is presently in effect. So with that, I'll move on to the second issue, and that is the district court erred by imposing a $20,000 fine. Working on Bauer, that case requires a fine to be vacated when the district court adopts PSR's factual findings, but deviates from the PSR's fine recommendation. Why didn't the judge's subsequent written explanation in response to the Rule 35 motion cure any problem with the original sentence imposed, or explanation for the sentence imposed? Sure. There are lots of problems. The Rule 35 motion, I believe, was untimely in any event, so I don't know how the district court would have authority to entertain it. But on the order that is... I thought it was filed within the 14 days. I don't believe that it asserted that there was the proper basis for relief. I think the government took that position, as a matter of fact, in the district court, Judge St. Eve, that it was not a clerical error, etc., that fit within the permissible scope of the statute that would allow the district court to entertain the relief. That's a separate issue, though, than the timeliness, if it didn't fall within what Rule 35 permits, as opposed to was it be then the order is entered subsequent to the notice of appeal, as I recall this? That's correct. That would be, then, a matter that the district court can't use additional information, put it in the record, just like a party couldn't under Rule 10. Under Rule 10, the matters that were of record at the time of the district court's determination would be the relevant considerations for the court, and that wouldn't fit within that. So I don't think that that tells us what we need to know. I don't see that there were findings under the statute that were required for the district court to make a fine determination under 3572A. It's contrary to the rule in Bauer, but also, if we could look to the Fourth Circuit's decision in Cox, this case is really on all fours with that, and Cox had no problem vacating the determination of the district court to impose a fine that was contrary to the recommendation of the PSR that was adopted by the district court judge, didn't reject the recommendation, and didn't make any of the necessary findings. So I think we'd have a circuit split, Your Honor, if we were to find that this is permissible here, where Cox found it was impermissible there. In our view, that's best avoided. The final matter, the district court erred imposing a supervised release condition that Mr. Hillis, I'm sorry to interrupt, but can I just clarify, please? Are you objecting to that condition in its entirety, or are you just objecting to that condition to the extent it applies to his children who were felons? The objection in the district court was that the condition should not apply as to his children. And so... That's what you're arguing. I am arguing that, but I'm also arguing the non-delegation, which I think we can do under Billups and Yee. So the Seventh Circuit authority is Billups, the Supreme Court authority is Yee. And is your non-delegation as to the children, or is your non-delegation broader? Because I think you'd be limited under the same reasoning. Right, and I'm only arguing about the familial association, because that's the deeply rooted constitutional right that we're contesting, and the district court has taken that away. How do you get around the circuit's opinion in Speed that addresses the cousins who were... The court upheld the objection to this very provision, where it would have limited the defendant's interactions with cousins. Well, if consanguinity is the right word, I think the degree of relation between a parent and a child is extremely different from what we have for cousins. And so the Supreme Court authority, and authority elsewhere, has been pretty definite about families' relationships involving parents and children, Judge. So if Speed is going to be distinguished in this case, I would look at the relation, and cousins may not pass muster for a challenge, but parents and children have widely, under the Wolfe child case and others that we've cited, I don't see that we would have a problem under Speed, given the difference in the relationship. And so if the district court wishes to say that a parent cannot have contact with a child, cannot associate with a child, the district court needs to make a record of that and explain why. I have sort of a practical question. Yes, sir. The father and the two sons are all under somewhat lengthy sentences. Yes. They're all in prison. And we're talking about supervised release. Come on up. I share that sentiment, but perhaps in a different way. Why is it that we have... No, I wanted to clarify, for each person, did I read correctly there's an estranged wife or something like that? Like the mother of these kids, and whether or not the mother and father talk to each other. I know we've done this before, but when you're talking about supervised release, when the time comes, a new judge, et cetera, probably might be best one to deal with it, because each of those various prisons have their own rules. And visitation is not one of them when you're talking about people who are penned up. Right. Judge Mannion, the supervised release won't take effect, though, until after he's released from prison. And so the visitation rights in prison aren't affected by that. Okay. This is almost a hypothetical. Unless he's released before the children, that would... That's true. That's absolutely true. But the problem that we have, of course, I would say, let's take it back to Siegel. And the district courts have discretion to impose these conditions or not. These are not mandatory conditions. And so this could all be avoided, again, if we wait and don't do this until at the appropriate time. And yet district courts are very much in the habit of imposing all of the conditions presently. And if we waited instead, I think that would be the better course here, Judge. But I've said that many times, and I'm not expecting to get more traction today than I have in the other times when I've spun my words. Well, you've also said many times that that can be brought up at any time, you know. Modification? Yes. Right. But then under the Johnson line of cases here, once the condition is in effect, the appropriate time is to challenge it now. It's ripe. It's in effect. My client won't have a lawyer later on, and the guy's broke, incidentally. So I'm trying to go through all the mechanics of having counsel appointed, et cetera, seek a modification. If there's an easier way, don't impose the condition. But I can't get people to buy into that sort of practical consideration. Frustrating, isn't it? Oh, well, you know, we keep having appeals as a consequence, Judge. So you might have as many frustrations as I do. With that, I have nothing else unless the court has questions. Thank you. Thank you, Mr. Evans. Ms. Boyle? Good morning, Your Honor. Good morning again. May it please the court? Good morning again. Counsel, my name is Catherine Boyle on behalf of the United States. Mr. Lee raises several sentencing challenges. He has waived the challenge to his criminal history point assessment. What evidence is there in the record that he intentionally relinquished his right to challenge the criminal history? Well, he explicitly said so in the sentencing commentary. In the sentencing commentary, he said that he did not challenge his criminal history calculation, although he thought it sort of overstated what his actual criminal history was. So he directly considered the issue. And then also at sentencing, he stated that he had no objections to these determinations in the pre-sentence report and had acknowledged that he had gone over the PSR with counsel and received it. So I think that that's excellent evidence of an intention to waive it. And I would also note here that the court has occasionally reviewed, as defense counsel pointed out, for plain error a situation where a defendant failed to object to a criminal history calculation. But those cases are different. Here you have somebody who didn't just fail to object. In fact, they made an affirmative representation that they did not object to these criminal history points. And you also don't have a situation like in Jenkins where it turned out Jenkins didn't object where his prior conviction was under a constitutionally invalidated statute. That is not something a defendant might actually know. But here you've got a defendant who's getting an enhancement based on committing an offense while he was on supervised release. It's a pretty strict factual question. That's something the defendant does know. Were you on supervised release at the time you were engaging in dealing methamphetamine? So I think the situations where the court has found that it was forfeiture are distinguishable. And are you still arguing with respect to the criminal history that Mr. Lee's underlying period of supervised release was extended? It seemed from the briefs that maybe you had pulled off of that argument that you were relying on the relevant conduct and not that particular argument. Is that fair? Are you still arguing that the supervised release in the underlying state court was extended by the filing of the petitions? We could draw an inference from that. And therefore it falls within that period. Your Honor, we actually don't think it really matters. In this case, Mr. Lee admitted to law enforcement that he had been engaging in dealing with methamphetamine since about January 20th. I understand your alternative argument. I'm trying to understand if you're still pursuing the argument that the underlying state court that the supervised release was extended. Well, I think Mr. Hillis agrees that it was lasted until at least July 13th, 2016. However, whether it was extended to September 2016, we think it's likely that it was since there were still petitions to revoke being filed in September. It seems there's, this shows another problem with why this is wavered. This was never, this could have been explored in the district court further had the defendant objected. But in any case, the defendant has still been committing relevant conduct for a year or a year and two months, regardless of whether his supervised release ended in July 2016, September 2016, or at some later date after that. So here, Section 4A1.1D of the Sentencing Guideline mandate the addition of these two criminal history points if you commit the instant offense while you're under a criminal justice sentence. The related commentary makes it very clear that the Sentencing Guidelines only require that any relevant conduct for the offense had been committed while the defendant was on supervised release. And we think given the admissions made in the defendant's brief that he was on supervised release until July 13th, 2016, and given the fact that he had been engaged in this relevant conduct since about January 2015, shows that this very clearly applies. And Your Honor, I do want to address briefly, there's an implication in Mr. Lee's brief that the defendant was under some sort of potential direct use immunity agreement at the time this occurred, and there's nothing in the record to support that. I have spoken with the AUSA in the district court case. That's not in the record, but I'm happy to address that if Your Honors would like as well, as to whether there was some sort of proper agreement with the United States in place at the time. If it's not in the record, you don't need to address it. Thank you. Thank you, Your Honor. I'd like to turn next to Mr. Lee's challenge to the district court's imposition of the Lowe Guideline $20,000 fine. The court's legal findings supported the imposition of the fine. The court's findings were legally sufficient and not erroneous. First at sentencing, the court said that it considered the 3572A factors, and it also instructed Mr. Lee to make a transfer of a $20,000 bond he had to the government before he was transferred to the Bureau of Prisons. If you look at the court's statements during the sentencing hearing, this court's statements throughout the entire hearing reflected the necessary consideration of the 3572A, 3553A, and the sentencing guideline factors here. The court first considered the nature and seriousness of the offense. The court discussed that Mr. Lee had brought a massive amount of exceptionally pure methamphetamine into the district. It talked about his possession of a dozen firearms in connection with the drug trafficking offense. The court also discussed the need to protect the public. He said Mr. Lee's crimes presented a significant danger to the community. The court discussed the need to provide Mr. Lee of ill-gotten gains, referencing the factor about preventing legally obtained gains. But even if the court determines that the district court did not adequately support the fine at sentencing, any alleged insufficiency is remedied by the district court's post-sentencing order in response to Mr. Lee's motion to amend or correct the judgment. And can we consider that order? I believe you can, Your Honor. Is there a jurisdictional problem, as Mr. Hillis was indicating, that wasn't a proper subject of a Rule 35 motion, and there was already the notice of appeal filed when the order itself was entered, which would, Mr. Hillis's argument, would take away our jurisdiction. The district court's jurisdiction. Yes. Well, we believe Mr. Lee invited this correction, and the district court does have the right under Rule 35 to correct a technical or clear error, which is what Mr. Lee was claiming there was in relation to the value of the savings bond. So what about his other argument, though? The technical error may be true with the amount of the savings bond, but what about his argument that a fine shouldn't have been imposed because the PSR wasn't recommending one? Well, I know Mr. Lee has argued that the district court's post-sentencing order doesn't support the imposition of a fine, but we certainly think it does. I mean, in this post-sentencing order, the district court talks about how Mr. Lee has brought potentially over a million dollars' worth of methamphetamine. That's a separate question. The question was more, was that a proper subject of the Rule 35 motion? Well, Your Honor, I think Rule 35 says a clear or other technical error, and Mr. Lee is alleging here that the fine imposed was incorrect due to sort of a misunderstanding of the nature of Mr. Lee's finances. So I think that would be potentially a clear, it could fall under the language of clear or technical error. And in any case, it just doesn't make practical sense for the court to ignore this extensive explanation by the district court and remand this case for the district court to make essentially the same extensive practical recommendation regarding the fine. To discuss the district court's imposition of the supervised release condition that prevented Mr. Lee from knowingly associating with felons, we acknowledge, as Mr. Lee says, that there is constitutional protection for a familial relationship, but supervised release conditions may implicate constitutional rights as long as the condition is reasonably related to the ends of rehabilitation and the protection of the public from recidivism. What is it that the district court said to justify the imposition on this constitutional right that would make it reasonably related? So at sentencing, this was actually discussed in some depth. The district court talked about the fact that the defendant's sons had convictions related to methamphetamine. And the district court also discussed with the probation officer on the record reasons that it might be problematic for Mr. Lee to be associating with his sons, which included, were these sons living in a drug house? Were these sons complying with their conditions of supervised release? And these were all very related to the statements in justifying the condition, saying that the reason for this condition is the court doesn't want Mr. Lee to be drawn back into criminal activity. This is very comparable to the Tenth Circuit decision in United States v. Yantada, where the defendant received a similar supervised release condition, and he had a brother who was a convicted felon, which is also a close familial relationship. And the court found that that condition was proper because the brother was a risk to draw the defendant back into this criminal activity. Therefore it made sense to have the probation officer evaluating what exactly the circumstances were regarding the brothers at the point in time the contact was desired. How long are those prison sentences? Pardon me? The very sentences that the two sons and Lee himself, just how long were their sentences? Your Honor, I apologize. I don't know off the top of my head how long Mr. Lee's son's sentences are. I believe Mr. Lee had a five-year consecutive sentence on the 924C charge, and I would want to double check, but I think it was 120 months. 150. 150 months. Plus the 60 months. Plus the 60 months. So that Mr. Lee has quite a long sentence. Well, and then as I asked the other side there, the other two are in prison for some length of time. Yes, Your Honor. And I know, I don't want to be hypothetical, but at some point if there's really some issue that comes up that can be dealt with when the time comes for somebody who either doesn't get visitation or something. I don't know. Maybe you know it as the mother of these two boys. They're probably 30. But is there still some association with her and Lee? Or do you know? I'm not certain what the relationship between the mother is, Your Honor. Okay. I just thought somebody said something about her somewhere. And Your Honor, I just also note, as you pointed out earlier, in Speed, the United States found that there was, or sorry, the Court found that there was no problem with this condition regarding cousins. And in United States v. Armour, the Court approved this condition restricting contact with felons. I'd just also like to discuss briefly the non-delegation argument that Mr. Lee brought up. We would argue that that argument was forfeited in the District Court because the District Court really focused on the constitutional right of familial association as opposed to the District Court, an Article III judge not being able to delegate this decision to the probation officer. So we believe this Court should review for plain error. But in any case, no error occurred, plain or otherwise. As I just noted, the Court previously decided in Armour it was permissible for the District Court to delegate to a probation officer this decision. The Court found that the Third Circuit decision in Volkow to the defendant's sites is distinguishable. And it also makes the most sense as a practical matter to have the probation officer deciding this. They are the person who is best suited. They are on the ground with the defendant. This is an opportunity for them to make the condition less onerous. An exception is not a tightening of a condition. It is relaxing a condition due to the facts on the ground and due to the decision that this person isn't going to draw Mr. Lee into further criminal activity. So the contact is appropriate. It would be very impractical for a District Court to make these determinations. It puts a burden on the judge. It creates a likelihood that the District Court judge is going to ask probation, what do you think about this person having contact with their son or brother or whatever other person is involved in a familial relationship? And in that case, you're risking a hidden effectual delegation that can't really be challenged in the same way. Because the District Court is then potentially relying on probation. But it's the District Court's statement that the contact is potentially not allowed. And that deprives the defendant of one of his opportunities for review under 3583. And we also believe that this opportunity for review of the probation officer's decision under 3583 shows that the defendant's substantial rights are not affected by any incorrect decision in this. Why, because he has some sort of an appeal? Yes, because he can go to the District Court judge. There's been some precedent in this court suggesting that because the defendant can go to the judge and ask for review of the implementation of a condition that that would mean his substantial rights weren't affected. There's precedent on both sides of the issue though. The court has no further questions. We'll rest on the arguments in our briefing. Thank you, Your Honors. Thank you. Mr. Hillis, anything further? Yes, I'll begin by saying the ability to appeal doesn't mean rights aren't substantially affected. Of course they are. It's just that you have the ability to appeal the court's decision that is a result of the affected right. Judges are best suited to impose conditions because the judge is the only person with authority to impose the condition. You can't farm it out to the probation officer, I'm not worried about some hidden delegation, I'm worried about an overt one, and if we have a hearing on the matter, that should be explored and the judge can rely on the probation officer to give information to support the condition and make a record of it. But it cannot delegate the authority outright and that's what's happened here. Are there some guidelines in that? Because this happens all the time, obviously. What do you call the person that's the probation officer or whatever? It is. So is there some ceiling or a bracket to say what decisions they can make? Right. Or is it just case by case? We took issue of that because in our opening brief, we pointed out how in the trial court proceedings the judge said, oh the probation officer will, you know, the probation officer said something like they have metrics, they make determinations. Let us know what that is. That was never disclosed, so we'd like to know what that is so that we can explain to the district court why it would or would not make sense in a given case. Speaking of cases, the government relies on Speed and Armor, but those predate Schroeder and Wagner on the Article III non-delegation issue. So I don't know that those remain good law and they're certainly factually distinct relative to what we have here. The Lentata case from the Tenth Circuit we pointed out in our brief didn't address the Article III issue either. We think it was wrongly decided because it was a conditional. If the condition goes in effect, well, it was in effect. So there was no conditional portion about it. It was in effect and it was wrongly imposed. If there's a technical error, the type the government says with regard to Rule 35 and this is permissible, I worry the government's going to be making a rule that it may regret later because the defense may become hammering down on the door to say that we need other things correct. That may best be avoided. The lack of a petition in the state court as to the revocation doesn't establish anything. I mean, there was a petition. The fact that it's not being sought as a continued basis perhaps for revocation may just be meaning that the state thinks that this guy at 210 months got enough time and they are not especially interested in pursuing the violation in the state court on that matter. The commentary on 4A1.1D2, the representation was really no more affirmative in this case than it was in Jenkins. We don't think that this record here establishes anything to take this out of the Jenkins line of cases. And the district court doesn't have the authority to consider facts, or excuse me, shouldn't have omitted the opportunity to consider facts relevant to 3553A determination that affected the imposition of the fine under 3572A because there were no legal gains that were accounted for here. My client had none. He was broke and still is. He was represented at the time but of course he's indigent now. And authorities took the $20,000 and it's never accounted for under the facts and circumstances under 3553A1 about the history and characteristics. That would be key evidence it seems to me  fails to consider that the authorities already took $20,000 from my client. It needs to be factored into a correct decision it was. Thank you Mr. Hills. We'll take the case under advisement.